UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JAMES D. McCLAIN, | ) | |
| Petitioner, | ) | 3:12-cv-0560-RCJ-VPC |
| vs. | ) | |
| | ) | ORDER |
| WARDEN ROBERT LEGRAND, et al., | ) | |
| Respondents. | ) | |

Petitioner has submitted a habeas corpus petition pursuant to 28 U.S.C. § 2244(d)(1)(A), and has neither paid the required filing fee nor filed an appropriate motion for leave to proceed *in forma pauperis*. The petition cannot be filed without either payment of the required filing fee or a grant of leave to proceed *in forma pauperis* based on a fully complete motion. Ordinarily, petitioner would be sent the correct pauper form for use should he wish to file a motion for leave to proceed *in forma pauperis* in this action. However, Rule 4 of the Rules Governing § 2254 Cases[1] requires the Court to make a preliminary review of each Petition for Writ of Habeas Corpus. The Court must dismiss a

---

[1] The statute under which petitioner has filed his petition, 28 U.S.C. § 2244(d), addresses the one-year statute of limitations imposed on habeas petitions filed pursuant to 28 U.S.C. § 2254 and 2255. That statute does not provide a basis for filing a petition which is completely without exhausted claims. The petition filed after a state court conviction, must be filed pursuant to 28 U.S.C. § 2254.

1  Petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief
2  in the district court." Rule 4 of the Rules Governing 2254 Cases; *see, also, Hendricks v. Vasquez*, 908
3  F.2d 490 (9th Cir. 1990). In this instance, the petitioner indicates that his attorney did not file a direct
4  appeal after he entered a guilty plea and he has no exhausted grounds for relief.

5  Petitioners seeking relief from the federal court on the basis of a wrongful or
6  unconstitutional state court convictions, as is the case here, must file their petition within one year of
7  the date that their conviction becomes final, 28 U.S.C. § 2244(d) and must present the court with claims
8  that have already been presented to the state's highest court by a proper procedure in conformance with
9  state law, 28 U.S.C. § 2254(b). *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004) citing *Vasquez
10 v. Hillery*, 474 U.S. 254, 257, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); *see also O'Sullivan v. Boerckel*,
11 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) ("[T]he state prisoner must give the state
12 courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas
13 petition.").

14  According to the petition, the conviction was entered on May 15, 2012. Petitioner's
15 conviction became final when no appeal was filed and the thirty days allowed for filing a state court
16 direct appeal expired on June 14, 2012. 28 U.S.C. §2244(d)(1)(A). The one year period will not expire
17 until June 14, 2013. Thus, petitioner still has time to present his claims to the state courts through a
18 properly filed state post conviction petition. Moreover, while a properly filed state post conviction
19 petition is pending in state court, the one-year limitation period is tolled - the clock stops. *See* 28 U.S.C.
20 § 2244(d)(2). It appears that petitioner still has nearly eight months left of his one-year.

21  Based on the foregoing, this petition shall be dismissed immediately and without
22 prejudice to permit petitioner time to file his state post conviction petition. Once those proceedings are
23 complete, he will have the balance of his one-year within which to bring his claims to this court in a
24 petitioner for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

25
26

**IT IS THEREFORE ORDERED** that the petition in this action is dismissed without prejudice. The Clerk shall enter judgment accordingly.

Dated this 14th day of November, 2012.

_____
UNITED STATES CHIEF DISTRICT JUDGE

-3-